*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT L. HAYES, JR.,

Plaintiff,

v.

PAUL MILLER,

Defendant.

Civil Action No. 13-604 (PGS)

OPINION

**APPEARANCES:**

**ROBERT L. HAYES, JR.**, Plaintiff pro se
#111763
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, N.J. 08903

**SHERIDAN**, District Judge

Plaintiff Robert L. Hayes, Jr. ("Plaintiff"), a prisoner confined at the Middlesex County Adult Correction Center in New Brunswick, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On April 8, 2010, Defendant Paul Miller, an investigator for the Middlesex County Prosecutor's Office, seized Plaintiff's clothes without a warrant or probable cause while Plaintiff was being held at the Old Bridge Police Station. (Compl. ¶ 6.) At a subsequent suppression hearing, Plaintiff states that Defendant Miller admitted that he had time to get a warrant but he failed to do so. Plaintiff alleges that Defendant Miller's action violated his Fourth Amendment right against unreasonable search and seizure. Plaintiff is seeking monetary damages.

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers

2

'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

Plaintiff appears to be asserting an unreasonable search and seizure claim under the Fourth Amendment. However, based on the facts as alleged, the Court finds that the complaint is time-barred.

Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations[.]"). A complaint under § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (citing *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. *See id.* at 185. *See also* N.J. Stat. Ann. § 2A:14–2. Under federal law, a § 1983 cause of action accrues when the allegedly wrongful act occurred. *See Wallace*, 549 U.S. at 388 ("It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.") (internal citations and alterations omitted). The statute of limitations is an affirmative defense that the defendants generally must plead and prove. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that the statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has

4

been brought within the statute of limitations, *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in *Jones v. Bock*, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

According to the complaint, Defendant Miller seized Plaintiff's clothing on April 8, 2010. Plaintiff was present during this seizure. Therefore, Plaintiff's unlawful search and seizure claim accrued on that date as he was present at the time of the search and seizure and thus had knowledge of the alleged injuries as they occurred. *Accord MacNamara V. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003) (noting that any Fourth Amendment claim accrued on the same day as the allegedly unlawful search and seizure where plaintiffs were present at the search and had knowledge of the injury on that date) (citing *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989)); *Elozua v. State of N.J.*, Civ. No. 04-2029, 2008 WL 370926, at *5 (D.N.J. Feb. 11, 2008) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). The applicable two-year statute of limitations would have then expired in April 2012 and Plaintiff's January 24, 2013 Complaint was filed substantially out of time.

New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.*, N.J.S.A. § 2A:14–21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14–22 (detailing tolling because of non-residency of persons liable). As pled, the Complaint does not allege any basis for statutory tolling. New Jersey law also permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. *See Freeman v. State*, 788 A.2d 867 (N.J. Super. Ct.

5

App. Div. 2002) (citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. In this case, Plaintiff fails to articulate any basis for equitable tolling.

It is apparent from the face of the Complaint that Plaintiff's § 1983 claim is time-barred and this Court will dismiss the Complaint as untimely. *See Paluch v. Secretary Pennsylvania Dept. of Corr.*, 442 F. App'x 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); *McPherson v. United States*, 2010 WL 3446879, at *4 (3d Cir. Sept. 2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte* dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"). If Plaintiff believes that he can assert facts showing that tolling is warranted, he may move to re-open this case and to file an amended complaint stating the basis for tolling.

### III. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed without prejudice in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

6

However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2]   An appropriate order follows.

Dated: 10/15/13

_____
PETER G. SHERIDAN
United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*